J-S37007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEON WEATHERBE | |
| Appellant | No. 81 EDA 2015 |

Appeal from the PCRA Order August 12, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004767-2012

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JULY 28, 2015**

Appellant, Leon Weatherbe, appeals from the order entered in the Delaware County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. After responding to an active burglary, police arrested Appellant on May 19, 2012.  A jury convicted Appellant of burglary and related offenses on November 7, 2012.  The court sentenced Appellant on January 2, 2013, to an aggregate term of 5-10 years' imprisonment, plus 3 years' probation.  On August 6, 2013, this Court affirmed the judgment of sentence.  ***See Commonwealth v. Weatherbe***, 83 A.3d 1058 (Pa.Super. 2013).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant timely filed a *pro se* PCRA petition on February 18, 2014, and the PCRA court appointed counsel. On June 12, 2014, counsel filed a "no-merit" letter and an application to withdraw pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court granted counsel's application to withdraw on July 14, 2014, and issued notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. In response to that notice, on August 4, 2014, Appellant filed a *pro se* amended petition, which the PCRA court mistakenly treated as a second PCRA petition. On August 12, 2014, the court denied PCRA relief and issued duplicative Rule 907 notice for Appellant's amended petition. Appellant timely filed a *pro se* notice of appeal on September 5, 2014. The PCRA court ordered Appellant on January 12, 2015, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 26, 2015, Appellant filed a *pro se* request for an extension of time to file a Rule 1925(b) statement, which the PCRA court denied on March 9, 2015. Appellant did not file a Rule 1925(b) statement.

Appellant raises the following issue for our review:

> THE TRIAL COURT ERRED IN DISMISSING [APPELLANT'S] PCRA PETITION FOR LACKING MERIT.

(Appellant's Brief at 2).

As a preliminary matter, "to preserve their claims for appellate review,

- 2 -

appellants must comply whenever the [PCRA] court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. As a general rule, any issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting ***Commonwealth v. Lord***, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). Here, the PCRA court ordered Appellant on January 12, 2015, to file a Rule 1925(b) statement. On February 26, 2015, Appellant requested *pro se* an extension of time to file a Rule 1925(b) statement, which the PCRA court denied on March 9, 2015. Appellant did not file a Rule 1925(b) statement. Based on Appellant's failure to preserve his claim(s) in a Rule 1925(b) statement, we deem Appellant's issue(s) waived.

Moreover, Appellant proceeds in this appeal *pro se*. While a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded an appellant represented by counsel, *pro se* status does not entitle an appellant to any particular advantage because the appellant lacks legal training. ***Commonwealth v. Rivera***, 685 A.2d 1011 (Pa.Super. 1996). Appellant has a duty to file a comprehensible brief and to raise and develop his issues sufficiently for appellate review. ***Commonwealth v. Hardy***, 918 A.2d 766 (Pa.Super. 2007). Accordingly, "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003), *appeal*

*denied*, 583 Pa. 695, 879 A.2d 782 (2005).

Rule 2111 of the Pennsylvania Rules of Appellate Procedure mandates that an appellant's brief **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1)    Statement of jurisdiction.

(2)    Order or other determination in question.

(3)    Statement of both the scope of review and the standard of review.

(4)    Statement of the questions involved.

(5)    Statement of the case.

(6)    Summary of argument.

(7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11)  In the Superior Court, a copy of the statement of the matters complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a).  Further,

The argument [section] **shall** be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated

therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a) (emphasis added).

Instantly, Appellant's brief fails to comply with many of the pertinent Pennsylvania Rules of Appellate Procedure; for example, it lacks a statement of jurisdiction, a statement of the scope and standard of review, a statement of the questions involved, a statement of the case, a summary of the argument, and a comprehensible argument sufficient for appellate review. *See* Pa.R.A.P. 2111 (a), Pa.R.A.P. 2119(a). Given these deficiencies, Appellant has waived his issue(s) on this ground also. Accordingly, we affirm. *See In Interest of K.L.S.*, 594 Pa. 194, 934 A.2d 1244 (2007) (stating trial court's order or judgment is more properly "affirmed," when appellant has failed to preserve issues for appeal).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2015